**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Warren MYERS,
Defendant-Appellant.**

**No. 76–1826.**

United States Court of Appeals,
Ninth Circuit.

Oct. 12, 1976.

Sherman M. Ellison (argued), Los Angeles, Cal., for defendant-appellant.

David Hinden, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY and KENNEDY, Circuit Judges, and EAST,* District Judge.

DUNIWAY, Circuit Judge:

Myers appeals from an order denying his motion for modification of his sentence, made under F.R.Crim.P. Rule 35. We reverse.

On October 7, 1975, Myers pled guilty to one count charging violation of 21 U.S.C. § 841(a)(1), possession and distribution of a controlled substance, hashish oil. On November 3, 1975, he was sentenced under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b), "until discharged . . as provided in . . . 18 U.S.C. § 5017(c)."

Section 5010(b) provides:

[T]he court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter.

Section 5017(c) provides:

A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

In addition to the § 5010(b) sentence, the court simultaneously imposed an additional special parole term of ten years under the terms of 21 U.S.C. § 841(b)(1)(A), which provides:

Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such terms of imprisonment . . . .

Myers claims that this additional sentence to a special parole term is unlawful, and we agree. The court denied Myers' motion to modify the sentence on the ground that the six-year limitation imposed by 18 U.S.C. §§ 5010(b) and 5017(c) was only "in lieu of . . . imprisonment," (§ 5010(b)) and the special parole term required by 21 U.S.C. § 841(b)(1)(A) is not imprisonment. We find this attempted reconciliation of the two sentencing statutes unpersuasive. In the first place, while a parole term is not technically imprisonment, under it the parolee can find himself in prison for the remainder of the parole term, here ten years, without a trial for such minor misconduct as associating with known criminals or violating traffic laws. Thus, we interpret § 5010(b) to include parole when it makes its provisions "in lieu of the penalty of imprisonment otherwise provided by law."

Moreover, the addition of the special parole term on top of a § 5010(b) sentence is squarely inconsistent with the language and intent of both that section and § 841(b)(1)(A). We note first that the requirement of a special parole term under § 841(b)(1)(A) applies only when there is a "sentence imposing a term of imprisonment under this paragraph," i. e., paragraph (b)(1)(A). Thus, when Myers was sentenced under the Youth Corrections Act "in lieu of the punishment of imprisonment otherwise provided by law," that is, by § 841(b)(1)(A),

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

the special parole term requirement of § 841(b)(1)(A) did not apply. There was no sentence imposing a term of imprisonment under that paragraph. Equally compelling is the language of 18 U.S.C. § 5017(c) which categorically states that a youth offender sentenced under § 5010(b) "shall be discharged unconditionally" within six years. The trial court's sentence has the effect of changing six to sixteen.

We find, therefore, that the addition of a special parole term was not required under § 841 and was in clear violation of the mandate of § 5017(c). Having chosen to sentence Myers under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b), the district judge was foreclosed from adding onto that sentence the special parole term provided for in § 841(b)(1)(A).

The order appealed from is reversed and the sentence is ordered modified by striking from the judgment the following:

IT IS FURTHER ADJUDGED that pursuant to Title 21, U.S.C. § 841(b)(1)(A), there is imposed a special parole term of ten (10) years in addition to the term of imprisonment.