**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard J. McDONALD,
Defendant-Appellant.**

**No. 79–2532.**

United States Court of Appeals,
Ninth Circuit.

Jan. 18, 1980.

Richard J. McDonald, pro se.

Gerald S. Frank, Tucson, Ariz., on brief, for plaintiff-appellee.

Before CHOY and SNEED, Circuit Judges, and EAST,* District Judge.

SNEED, Circuit Judge:

Appellant McDonald initiated these proceedings with his motion to vacate a sentence imposed by the district court following the revocation of appellant's probation. The sentence sought to be vacated was imposed on October 8, 1976 following the vacation of a sentence previously imposed on November 6, 1972 under which appellant was granted probation. Appellant asserts that jurisdiction to consider his motion rests on 28 U.S.C. § 2255 or that the motion should be deemed to have been made pursuant to Federal Rule of Criminal Procedure

35. Because jurisdiction exists in any event, we need not choose between these alternatives.

Appellant's motion to vacate was denied by the district court on October 31, 1978 and it is from this action that this appeal was taken. We reverse and remand to the district court to grant the relief sought and to reimpose the sentence of November 6, 1972 with credit to be given against the sentence for such time as has been served pursuant to the October 8, 1976 sentence as well as that served pursuant to the November 6, 1972 sentence.

## I

## FACTS

Appellant in March 1972 was charged with various narcotics conspiracy and substantive offenses. A plea bargain resulted in a plea of guilty to the charge of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Appellant was sentenced on November 6, 1972. The sentencing court found that the appellant would "benefit from treatment under the Federal Youth Corrections Act as a young adult offender." The operative part of the sentence was as follows:

It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of seven (7) years and fined the sum of Seven Thousand Five Hundred Dollars ($7,500). However, on the condition that the defendant be confined in a jail type or treatment institution for one hundred eighty (180) days (in addition to any time already spent in custody), the execution of the remainder of the sentence of imprisonment only, is hereby suspended and the defendant is placed on probation for a period of five (5) years on the following terms and conditions: . . .

Appellant served his 180 days and upon his release from custody commenced serv-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

ing his probationary term. In 1976 appellant violated the terms of his probation and on October 8, 1976, his probation was revoked. In addition, the district court vacated the 1972 sentence and resentenced appellant in the following manner:

IT IS FURTHER ORDERED AND ADJUDGED that the judgment and Order of this Court entered on November 6, 1972, is vacated and set aside.

The matter now having come on for resentencing, it is the finding of the Court that the defendant has been convicted upon his plea of Guilty of the offense of violating Title 21, United States Code, Section 846, conspiracy to possess with intent to distribute (cocaine II), as charged in Count III of the Indictment herein.

The Court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court, IT IS ADJUDGED that the defendant is guilty as charged in Count III and convicted.

The Court finds that the defendant is not suitable for handling under the Federal Youth Corrections Act.

IT IS FURTHER ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of seven (7) years and further fined the sum of Seven Thousand Five Hundred ($7,500.00) dollars. In addition to the foregoing terms of imprisonment, defendant shall serve a three (3) year special parole term as provided by law. The terms and conditions of such special parole term to be as set by the Board of Parole at the time of defendant's release from confinement.

The fine imposed herein has heretofore been paid by defendant.

In resentencing, the district court observed that the new sentence was "substantially the same sentence" as was previously imposed and that a reason for vacating the earlier sentence "was that no special parole term was imposed as required by law, and it should have been."

Appellant did not appeal from the October 8, 1976 resentencing. The motion to vacate with which this proceeding began was filed in September 1978 and was denied by the district court on October 31, 1978. Several grounds for the denial were offered. One was that the new sentence was not subject to collateral attack and that, as the district court had stated at resentencing, the original sentence lacked the three year special parole term. The district court also indicated that the original sentence was improper because the appellant was no longer suitable for handling under the Federal Youth Corrections Act.

On this appeal the appellant argues that the denial of his motion was improper because under 18 U.S.C. § 3653 he could be required to serve upon revocation of probation only "the sentence imposed, or any lesser sentence," but not a greater sentence as, he asserts, was that of October 8, 1976. Should he be wrong on his statutory ground, he argues the greater sentence violates the Double Jeopardy Clause of the Constitution. Finally, he insists that, if he is in error with respect to his first two grounds, it remains improper to impose a special parole term with respect to a conviction for narcotics conspiracy.

We hold that appellant is correct with respect to 18 U.S.C. § 3653. As a consequence, it is not necessary for us to address the remainder of his contentions. Our discussion initially will address the government's argument that appellant lacks "standing" to bring this appeal and thereafter will address the merits.

## II.

### EFFECT OF FAILURE TO APPEAL THE OCTOBER 8, 1976 RESENTENCING

■ The government insists that the October 8, 1976 resentencing was an appealable order and that appellant's failure to appeal constitutes a deliberate bypass of appeal procedures that deprives him of any 28 U.S.C. § 2255 relief. This position rests

on a misconception of the appellant's complaint. He does not allege a mere failure to comply with the formal requirements of a rule of criminal procedure. *See Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Rather, he makes a constitutional claim and a nonconstitutional claim that in both instances assert a fundamental defect in the 1976 sentence which, if not corrected, could lead to a complete miscarriage of justice. *See Marshall v. United States,* 576 F.2d 160, 162 (9th Cir. 1978). This is sufficient to permit the appellant to seek relief under 28 U.S.C. § 2255.

Moreover, appellant also relies on Federal Rule of Criminal Procedure 35, which permits the correction of an illegal sentence "at any time." *See Hill v. United States, supra.* The illegality appellant asserts pertains to the sentence itself and not to an error in presentence procedures. *Id.,* 368 U.S. at 430, 82 S.Ct. 468. Its correction is clearly within the purpose of rule 35 and thus does not amount to an attempt to use the rule as an alternate route of appeal.

### III.

### THE OCTOBER 8, 1976 SENTENCE

Having determined that appellant has properly raised the issue of the legality of the 1976 sentence, we now must examine his contentions on their merits.

We commence by recognizing that *Durst v. United States,* 434 U.S. 542, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978), has interpreted the Youth Corrections Act, in the light of 18 U.S.C. § 5023(a), as indicating an intent of Congress "to preserve to sentencing judges their powers under the general probation statute when sentencing youth offenders to probation under § 5010(a)." *Id.* at 551, 98 S.Ct. at 854. It follows that in imposing the November 6, 1972 sentence, which appears to have been pursuant to section 5010(a), the district court exercised the power bestowed by 18 U.S.C. § 3651.

■ These conclusions require acknowledgment that the 1972 sentence which im-

posed a fine, a jail sentence of 180 days, and probation was not an illegal sentence. Section 3651 explicitly authorizes such split sentences and *Durst* engrafts it on section 5010(a). Our decision in *United States v. Marron,* 564 F.2d 867 (9th Cir. 1977), to the extent it holds to the contrary, must be regarded as having been overturned by *Durst.* Nor is the 1972 sentence invalid, as the district court suggested, because of the absence of a special parole term. To have added such a term very likely would have been contrary to the explicit provisions of 18 U.S.C. § 5017(c) or (d). *See United States v. Marron, supra* at 870; *United States v. Myers,* 543 F.2d 721 (9th Cir. 1976).

■ The validity of the 1972 sentence eliminates the possibility of sustaining the 1976 sentence on the ground that it constitutes the only legal sentence ever imposed on the appellant. We thus must determine whether upon revocation of the appellant's probation, section 3653 limits the district court either to lifting the suspension of the execution of the 1972 sentence or to imposing a lesser sentence. The relevant portion of section 3653 reads as follows:

As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of the sentence was suspended, may impose any sentence which might originally have been imposed.

This language was intended to reflect the holding of the Supreme Court in *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943), to the effect that having imposed a sentence but suspended its execution during probation the sentencing court upon revocation of probation could not under the then existing Probation Act set aside the sentence and increase the term of punishment. *See United States v. Nagelberg,* 413 F.2d 708 (2d Cir. 1969).

It follows therefore that the district court in this case was without authority to impose

the 1976 sentence. There is no doubt but that it differs from the 1972 sentence. Not only was the appellant sentenced as an adult not suitable for handling under the Federal Youth Corrections Act but also a special parole term was added which, as already pointed out, probably was not permissible in connection with the original sentence. It is also likely that parole guidelines applicable to the 1976 sentence were more stringent than those which would have been applicable to the 1972 sentence. *See Benites v. United States Parole Commissioner,* 595 F.2d 518, 520–21 (9th Cir. 1979); *De Peralta v. Garrison,* 575 F.2d 749, 751 (9th Cir. 1978). These features make it impossible to characterize the 1976 sentence as less severe than that imposed in 1972.

The portion of section 3653 pertinent to this case reflects the distinction made in section 3651 between suspending "the imposition" of sentence and suspending its "execution." When the "imposition" is suspended no sentence exists until one is imposed. Therefore, upon revocation of probation where "imposition" of sentence was suspended, the sentencing court is free to impose any sentence it originally might have imposed. *Roberts v. United States, supra,* 320 U.S. at 271, 64 S.Ct. 113. Suspension of the "execution" works differently. Upon revocation of probation the suspension is lifted and the original sentence goes into effect unless a lesser one is imposed.

We recognize that the procedure followed by the district court in this case makes good sense. To resentence the appellant as an adult in the manner employed by the district court appears not unreasonable under the circumstances of this case. The difficulty is that the Youth Corrections Act does not mesh nicely with the Probation Act. Frequently an interpretive gloss can eliminate or reduce these imperfections but that is not possible here. The structure of the Probation Act appears fixed and it precludes, under the circumstances of this case, the imposition of a new sentence which is not lesser than the old. As undesirable as it might be to permit a person presently over twenty-six years of age to commence serv-

ing a sentence under the Youth Corrections Act imposed some years previously, the result is required here by reason of the suspension of the execution of the sentence and the provisions of the Probation Act as interpreted by the Supreme Court. We possess no power to rewrite legislation.

Reversed and remanded.