**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William P. HANEY, Defendant-Appellant.**

**No. 78–1441.**

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 28, 1979.

Decided Feb. 19, 1980.

Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan. (James P. Buchele, U. S. Atty., Topeka, Kan., with him on the brief), for plaintiff-appellee.

Charles D. Anderson, Asst. Federal Public Defender, Wichita, Kan. (Leonard D. Munker, Federal Public Defender, Kansas City, Kan., with him on the brief), for defendant-appellant.

Before HOLLOWAY, McWILLIAMS and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

William P. Haney pleaded guilty to two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1). The sentencing judge

found that Haney was suitable for handling under the Federal Youth Corrections Act. Accordingly, Haney was committed to the custody of the Attorney General for treatment and supervision pursuant to 18 U.S.C. § 5010(b) until discharged by the Federal Youth Correction Division of the Board of Parole as provided in 18 U.S.C. § 5017(c). Additionally, the sentencing judge imposed a special parole term of three years. It is the imposition of the special parole term of three years that precipitates the present controversy.

Haney later filed a motion to amend and correct sentence. He asked that the imposition of the special parole term of three years be stricken from his sentence. His argument was that the special parole term provided in 21 U.S.C. § 841(b)(1)(A) could not be imposed in connection with a commitment under the provisions of 18 U.S.C. § 5010(b). The sentencing judge disagreed, and denied Haney's motion to amend and correct sentence. The sentencing judge was apparently of the view that a commitment pursuant to the provisions of 18 U.S.C. § 5010(b) did not preclude the imposition of the special parole term provided for in 21 U.S.C. § 841(b)(1)(A). Haney now appeals. We reverse.

As mentioned, Haney pleaded guilty to violation of 21 U.S.C. § 841(a)(1). The sentencing section of that statute, 21 U.S.C. § 841(b)(1)(A), provides, in pertinent part, as follows:

> Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment
> . . . . .

As indicated, the sentencing judge determined not to sentence Haney under the provisions of 21 U.S.C. § 841(b)(1)(A), and committed Haney to the custody of the Attorney General under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b). That statute provides as follows:

> If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter; . . . . .

Another provision of the Federal Youth Corrections Act which has present pertinency is 18 U.S.C. § 5017(c). That statute provides as follows:

> A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

We are not here concerned with whether a sentencing judge who commits a defendant to the custody of the Attorney General under 18 U.S.C. § 5010(b) *should* have the power to also impose a special parole term. Perhaps it would be wise to authorize him to so do. That decision, however, is up to Congress. Our problem is whether, under existing statutory law, a sentencing judge presently *has* the power to impose a special parole term in connection with a commitment under 18 U.S.C. § 5010(b). Under the existing statutes, we conclude that a sentencing judge does not now have that power.

The Federal Youth Corrections Act does *not* itself provide for a special parole term. That phrase, special parole term, is mentioned, however, in 21 U.S.C. § 841(b)(1)(A). In that regard, the statute provides that "any sentence imposing a term of imprisonment *under this paragraph* shall . . . impose a special parole term of at least 3 years in addition to such term of imprisonment . . . ." (Emphasis added.) The sentence imposed in the instant case was *not* imposed under 21 U.S.C. § 841(b)(1)(A), but under the Federal Youth Corrections Act. Therefore, the sentencing judge could not impose the special parole term provided

by 21 U.S.C. § 841(b)(1)(A), since Haney was not sentenced under that statute.

Furthermore, the commitment provided in 18 U.S.C. § 5010(b), which statute makes *no* mention of any special parole term, is, under the statute, to be "in lieu of the penalty of imprisonment otherwise provided by law." Finally, 18 U.S.C. § 5017(c), which governs the discharge of a youth offender committed under 18 U.S.C. § 5010(b), provides that such offender "shall be discharged *unconditionally* on or before six years from the date of his conviction." (Emphasis added.)

We conclude that as a matter of pure statutory construction, a sentencing judge may not commit under 18 U.S.C. § 5010(b) and in connection therewith impose the special parole · term provided in 18 U.S.C. § 841(b)(1)(A). The sentencing judge has certain discretion which allows him to go one route or the other, but he may not combine the sentencing features of the two statutes.

Our resolution of this matter is supported by *United States v. Myers*, 543 F.2d 721 (9th Cir. 1976). In *Myers* the Ninth Circuit held that where a sentencing judge chooses to sentence a defendant under the provisions of the Federal Youth Corrections Act, he is foreclosed from adding onto the sentence thus imposed the special parole term provided for in 21 U.S.C. § 841(b)(1)(A).

We do not regard *Durst v. United States*, 434 U.S. 542, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978) as dispositive of the present controversy. In *Durst* the sentencing judge placed youth offenders on probation under 18 U.S.C. § 5010(a) and as a condition of probation ordered restitution and payment of a fine. The Supreme Court upheld the conditions imposed by the sentencing judge in connection with the granting of probation. *Durst* is not the present case. In our view, a fair reading of the several provisions in 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. §§ 5010(b) and 5017(c) precludes the imposition of a special parole term on Haney.

The judgment and order denying Haney's motion to amend and correct sentence is

reversed, and the cause remanded with directions to modify the sentence previously imposed by striking therefrom the special parole term of three years.