**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Michael ROBERTS, Defendant-Appellant.**

**No. 80–1501.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1981.

Decided March 2, 1981.

Ellen Rosenbloom, Asst. U. S. Atty., Eugene, Or., for defendant-appellant.

Kelly R. Beckley, Eugene, Or., for plaintiff-appellee.

Before BROWNING, Chief Judge, TANG, Circuit Judge, and HEMPHILL,* District Judge.

PER CURIAM:

Roberts appeals his conviction under 18 U.S.C. § 1510(a) of assaulting and injuring an informant who had supplied federal investigators with information leading to the arrest of his mother. We affirm.

Roberts first claims that section 1510(a) does not apply to retaliatory assaults but only to assaults that have the purpose of deterring the future communication of information. He argues that since the assault occurred 18 days after his mother was convicted he could only have had a retaliatory motive.

The statute provides:

(a) Whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator; *or*

Whoever injures any person in his person or property *on account of the giving by such person or by any other person of any such information to any criminal investigator—*

Shall be fined not more than $5,000, or imprisoned not more than five years, or both.

18 U.S.C. § 1510(a) (emphasis added). Although the first paragraph of subsection (a) on its face only prohibits acts that affect the future communication of information, *United States v. Koehler*, 544 F.2d 1326 (5th Cir. 1977), the second paragraph clearly and unambiguously protects informants from the retaliatory infliction of bodily injury *after* they have given information. *See United States v. San Martin*, 515 F.2d 317, 320 (5th Cir. 1975). The indictment properly charged Roberts under this second paragraph.

Nor is there any merit to Roberts' claim that section 1510(a) applies only to behavior occurring prior to the initiation of judicial proceedings. No such limitation appears on the face of the statute, nor does the legislative history suggest that such a limitation was intended. Although Congress was clearly concerned with protecting potential witnesses prior to the initiation of judicial proceedings, the reason for Congress' concern supports the broadly worded statute it enacted:

The fundamental danger to an informant or a witness arises from the fact as to whether or not he has supplied the Government with information. It is not whether a case is pending. The Federal Government should be able to provide the same protection and assurance to a witness or informant willing to go to the FBI or other Federal agency that it can at a later stage in the prosecution.

H.R.Rep.No.658, 90th Cong., 1st Sess., *reprinted in* [1967] U.S.Code Cong. & Ad. News 1760, 1761; *see United States v. Koehler*, 544 F.2d at 1330.

Finally Roberts challenges his sentence. The district court found Roberts to be "suitable for handling under the Youth Corrections Act," 18 U.S.C. § 5010, and accordingly sentenced him to be

committed to the custody of the Attorney General or his authorized representative for treatment and supervision under the Youth Corrections Act for a period not to

* Honorable Robert W. Hemphill, Senior Judge, United States District Court for the District of South Carolina, sitting by designation.

exceed three (3) years, and provided the defendant be confined in a jail-type institution for a period of ninety (90) days, the remainder of the sentence of treatment and supervision is suspended and the defendant is placed on probation for a period of five (5) years

.    .    .    .    .

Roberts contends that the Youth Corrections Act does not authorize a sentence which both commits a youth offender to the Attorney General for treatment and supervision and imposes a term of imprisonment as a condition of suspending that sentence and placing the defendant on probation.

The question of the authority to impose a term of imprisonment as a condition of probation was settled for this circuit in *United States v. McDonald*, 611 F.2d 1291, 1294 (9th Cir. 1980), and controls this case. *See also, Durst v. United States*, 434 U.S. 542, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978). The fact that the court suspended a special term of commitment for "treatment and supervision," and not a general term of imprisonment as in *McDonald*, is unimportant in deciding whether the court had the power under section 5010(a) to impose a conditional probation.

AFFIRMED.