UNITED STATES of America,
Plaintiff-Appellee,

v.

Rebecca Ann SMITH,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Clifford Rickard ARTHUR,
Defendant-Appellant.

Nos. 80–1381, 80–1479.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1980.

Decided May 18, 1981.

Mark E. Griffin, Asst. Federal Public Defender, Hillsboro, Or., for defendant-appellant.

Charles Turner, William Youngman, Asst. U. S. Attys., Portland, Or., for plaintiff-appellee.

Before HUG and REINHARDT, Circuit Judges, and SMITH*, District Judge.

PER CURIAM:

Appellants challenge the legality of a split sentence under the Youth Corrections Act, 18 U.S.C. §§ 5005–26. This court has recently held that such sentences are lawful. *United States v. Roberts*, 638 F.2d 134 (9th Cir. 1981). We are bound by that decision.

AFFIRMED.

REINHARDT, Circuit Judge, specially concurring:

Appellants are youthful offenders who were placed on probation under the Youth Corrections Act and were given split sentences, including periods of confinement of less than six months as conditions of probation. Rebecca Ann Smith was ordered confined for a period of forty-five days in a jail-type setting, and Clifford Rickard Arthur was ordered confined for a period of thirty days in a jail-type institution. Although we are bound by *United States v. Roberts* to affirm the order, I would reach a different result if we were free to do so.

One of the primary purposes of the Youth Corrections Act is to separate youthful offenders from adult criminals and to assure that they are placed in separate institutions. 18 U.S.C. § 5011; *Durst v. United States*, 434 U.S. 542, 545–46, 98 S.Ct. 849, 851, 55 L.Ed.2d 14 (1978). Youths found suitable for handling under the Act are to be committed to the custody of the Attorney General for "treatment and supervision" when confinement is deemed necessary.

The Youth Corrections Act was enacted in 1950, Pub.L.No. 81–865, 64 Stat. 1085 (1950), and incorporated the provisions of the general probation statute, 18 U.S.C. § 3651. 18 U.S.C. § 5023(a). Subsequently, in 1958, the general probation statute was amended to include the provision authorizing split sentences. Act of June 20, 1958, Pub.L.No. 85–463, § 1, 72 Stat. 216. There is a question whether the later-enacted split sentence provision is applicable at all to youthful offenders deemed suitable for treatment under the Youth Corrections Act. While I would harmonize the apparent inconsistencies between the two statutes[1] by finding that a split sentence may properly be imposed under the Youth Corrections Act, I would not find that a youthful offender may be confined in a jail-type institution. In my view, the Youth Corrections Act requires that any such period of confinement be served in a treatment-type facility. 18 U.S.C. § 5011; *see Harvin v. United States*, 445 F.2d 675 (D.C.Cir.), *cert.*

---

* Honorable Russell E. Smith, Senior United States District Judge for the District of Montana, sitting by designation.

1. In connection with an issue under the Act unrelated to split sentences, this court observed: "The difficulty is that the Youth Corrections Act does not mesh nicely with the Probation Act. Frequently, an interpretive gloss can eliminate or reduce these imperfections but that is not possible here." *United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980).

*denied,* 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971).

In *United States v. Roberts,* the court did not discuss the complex questions involved in attempting to reconcile the Youth Corrections Act with the later-adopted amendment to the general probation statute. Instead, the court considered itself bound by *United States v. McDonald,* 611 F.2d 1291 (9th Cir. 1980). *McDonald* also failed to discuss or consider any of the legal questions presented by the split sentence issue. In fact, in *McDonald,* the split sentence issue was not raised, argued, or briefed by either party. The court there felt it necessary to state that split sentences are lawful as a preliminary to upholding the validity of a later and wholly different sentence imposed upon the defendant. It was the later and wholly different sentence, and not the split sentence, which was before the *McDonald* court.

While I regret that an issue as important as this has been determined without any analysis of the applicable statutes, or any explanation of or rationale for the court's decision, I agree that we are not free to reach a different result.