**UNITED STATES of America, Plaintiff,**

v.

**Cathy Ann MURPHY, Defendant.**

**No. CR–R–80–61–ECR.**

United States District Court,
D. Nevada.

Feb. 26, 1982.

Edward R. J. Kane, Asst. U. S. Atty., Reno, Nev., for plaintiff.

Fred H. Atcheson and Laurence W. McNabney, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Cathy Ann Murphy has moved the Court pursuant to Rule 35 F.R.Cr.P. for an order to correct or reduce her sentence. 117 days after defendant was sentenced she filed a petition with the Clerk of the Court under Rule 35. This document was re-

turned to defendant by the Clerk because it did not comply with the local Court rule requirements for Rule 35 motions. The Clerk provided defendant with proper forms and the motion on the correct form was filed October 19, 1981, a period of 136 days after defendant was sentenced.

■ The first question to be addressed by the Court is whether it is now limited to considering the correction of an allegedly illegal sentence, which it may address at any time, or may now address the pending motion as one for the reduction of a sentence, which it may consider only if made within 120 days after the sentence is imposed. Despite the fact that defendant did seek to file papers seeking reduction of the sentence within the 120-day period (albeit not on the proper forms), it is the view of the Court that it has no discretion to consider the pending motion as one to reduce the sentence. *See United States v. Smith*, 650 F.2d 206 (9th Cir. 1981).

A hearing before the Court was held on February 22, 1982. The defendant was present in person and represented by her counsel, Fred Hill Atcheson. The Government was represented by Fred Daniel Gibson III, Assistant United States Attorney.

The principal question argued before the Court concerned the legality of the previous sentence insofar as it limited the period of treatment and supervision of defendant under the Youth Corrections Act (YCA) sentence to a period not to exceed four years. 18 U.S.C. § 5005 *et seq.*, and particularly §§ 5010(b) and 5017(c).

■ After reviewing the authorities and considering the arguments of counsel it appears to the Court that the governing law forbids the four-year limitation on treatment and supervision under YCA incorporated in defendant's sentence. In *United States v. Amidon*, 627 F.2d 1023 (9th Cir. 1980) the Ninth Circuit limited the period for which a misdemeanant could be sentenced under YCA to no more than the period for which an adult could be sentenced for the same crime. The *Amidon* case related to a sentence by a magistrate but held that the same limitation applied to a sentence of a district judge. The reasoning of the court in this respect was that it shouldn't make any difference whether a person was being sentenced by a magistrate or a district judge. *Amidon* is followed in *United States v. Lowe*, 654 F.2d 562 (9th Cir. 1981) and *United States v. Luckey*, 655 F.2d 203 (9th Cir. 1981). Both *Lowe* and *Luckey* concerned misdemeanor sentences under YCA. The unpublished case of *United States v. Glenn*, 667 F.2d 1269 (9th Cir.) at first glance might appear to be expanding the *Amidon* doctrine to felony sentencing, but on closer reading, as argued by counsel at the hearing, it appears that the *Glenn* sentences in contention were misdemeanors.

The basis of the *Amidon* decision is founded in the Federal Magistrate Act of 1979, 18 U.S.C. § 3401, which had the effect of prohibiting magistrates from imposing YCA sentences on misdemeanants longer than the maximum an adult could receive. In other words, the Ninth Circuit viewed the Federal Magistrate Act as a legislative amendment to the Youth Correction Act.

■ There is one other occasion when a district judge may vary from the time limitations for treatment and supervision imposed by YCA. That is when the court determines that the offender will not receive the full benefit of treatment and supervision under YCA within the six year maximum provided in that act and where the period for which an adult might be sentenced for such an offense is longer than six years. In such event the court may extend the period of treatment and supervision beyond the six-year period to a longer period which does not exceed the maximum period of the sentence which an adult could receive. 18 U.S.C. § 5010(c).

The authority which a district judge has to vary the time constraints of YCA to a shorter period for a misdemeanant and to a longer period for certain felonies is founded directly in the statutes. With these exceptions, then, the authority of the district court is limited for a YCA sentence to simply sentencing the offender to the indeter-

minate term provided by the Act. The discretion to fix the actual term of incarceration and supervision is left with the Youth Correction Division of the U. S. Parole Commission. The case of *United States v. Roberts*, 638 F.2d 134 (9th Cir. 1981) may be cited for the proposition that this Court is authorized to limit the period of treatment and supervision under YCA. While the Ninth Circuit did not directly address that issue in the *Roberts* opinion, it did let stand a YCA sentence with a limitation of three years on the period of treatment and supervision. *United States v. Smith*, 645 F.2d 747 (9th Cir. 1981) cites *Roberts* with approval, although again without any specific reference to the three-year limitation on treatment and supervision under YCA which the judge imposed in *Roberts.* The Court in both *Roberts* and *Smith* was principally concerned with the validity of the split sentence which had been imposed under YCA, but nonetheless the three-year limitation of *Roberts* stands as an approved sentence by the Ninth Circuit. This is some authority which might be relied upon to validate the previous sentence of defendant Cathy Ann Murphy herein. But in the view of the Court the better law is that such limitation cannot lawfully be imposed. *Watts v. Hadden*, 651 F.2d 1354 (10th Cir. 1981); *United States v. Jackson*, 550 F.2d 830 (2nd Cir. 1977). The Court would be more reluctant to discount these Ninth Circuit opinions if the issue at hand here had been specifically addressed. It is the view of this Court that when faced with the issue, the Ninth Circuit will follow the authority which does not permit the limitation. *See United States v. Cruz*, 544 F.2d 1162 (2nd Cir. 1976); *Burns v. United States*, 552 F.2d 828 (8th Cir. 1977).

However, the distinction between misdemeanor and felony sentencing under YCA (the former requiring the period of treatment and supervision to be limited as described above, but the latter not requiring such limitation) doesn't make much sense and is at best illogical.

This arrangement presents a sometimes frustrating situation for a district judge who believes that the maximum six-year period of treatment and supervision is too long under the circumstances and that the period of treatment and supervision should be limited to a lesser period than six years. The Court is left apparently only with the prospect of "recommending" the shorter period of treatment and supervision to the Youth Correction authorities.

■ In the instant case the Court originally pronounced what it believed to be the correct and just sentence for the defendant in light of all the circumstances. In reconsidering the matter in connection with the pending Rule 35 motion it is the view of the Court that it should consider only three options:

(a) To recommend a shorter period of treatment and supervision.

(b) To amend the sentence to an adult sentence. There doesn't seem to be much gained by amending the sentence to an adult sentence. The appropriate adult sentence might be reduced to somewhat less than four years, but it appears that defendant might have to serve a more lengthy period of actual incarceration under such amended sentence than the indeterminate YCA sentence and would not receive the other benefits of YCA sentencing.

(c) To either suspend imposition of the sentence and place defendant on probation under 18 U.S.C. § 5010(a) or to order a split sentence providing for incarceration of the defendant up to a period of six months and suspension of the remainder of the sentence with defendant being placed on probation. *United States v. Roberts*, 638 F.2d 134 (9th Cir. 1981); *United States v. Smith*, 645 F.2d 747 (9th Cir. 1981). The severity of the offense and participation of the defendant Cathy Ann Murphy therein does not warrant suspension of sentence or imposition of a split sentence.

For these reasons the Court views itself in exercising its Rule 35 discretion as very limited as to realistic alternatives. This is a

rather frustrating and inflexible position for the Court to be placed in because in its view the six year periods of treatment and supervision is too long and the Court has no assurance that the Parole Commission will follow a recommendation by the Court for a shorter period of treatment and supervision.

Defendant has presented some bases for the Court to consider in reducing the sentence which was previously pronounced. First, it was indicated at the hearing that defendant has assisted governmental authorities by providing information which aided the prosecution of Alfred E. McKinney for violation of federal narcotics laws. Second, in considering correction of sentence under Rule 35, the Court ought to consider the fact that defendant has been transported to and from and been imprisoned in numerous county and municipal jails since June 30, 1981, when she surrendered to commence her period of incarceration. Imprisonment under the conditions suffered by this defendant should be viewed as being more onerous than the Court may have anticipated at the time of original sentencing for a youth offender, and to form a basis for the Court to consider. These considerations would incline the Court toward a shorter sentence.

█ The only real option open to the Court in considering sentence correction would be to turn to an adult sentence, abandoning the YCA sentence. However, weighing a possibly somewhat reduced adult sentence as against the benefits of a YCA sentence it is the view of the Court that the indeterminate YCA sentence is still more beneficial and preferable for this defendant. If it were within the Court's power to do so, the Court would consider further reducing the limitation it placed on the period of treatment and supervision from four years to forty-two months. But any such limitation appears to exceed the Court's authority. Hence it is the statutory sentencing structure which essentially bars this Court from pronouncing the sentence it would like to pronounce. The most the Court can do is recommend a shorter period of treatment and supervision than that which it originally not only recommended but required.

In the view of the Court it may lawfully amend defendant's sentence as provided below by eliminating the limitation on the period of treatment and supervision previously imposed. This is because of the legal invalidity of the limitation the Court placed on the period of treatment and supervision in the previous YCA sentence. *Burns v. United States*, 552 F.2d 828 (8th Cir. 1977).

The Court has compared the sentence of Cathy Ann Murphy with that of her codefendant Paul Murphy and the two sentences appear to be equitable in comparison. The YCA sentence is less severe than the adult sentence Paul Murphy received.

IT IS, THEREFORE, HEREBY ORDERED that the Judgment and Commitment order entered in respect to the defendant Cathy Ann Murphy on June 5, 1981, is amended to strike the following language therefrom: "but not to exceed a term of four (4) years." This Court recommends to the Youth Correction authorities that the period of treatment and supervision of defendant shall not exceed forty-two months. If the Court were authorized to do so, it would make forty-two months the limit of treatment and supervision in view of all of the facts and circumstances relating to this case and of the matters alluded to above which would in a different situation entitle defendant to such a shortening of her sentence. The Court further recommends that the defendant be given an opportunity, to the extent that resources at the prison permit and the orderly conduct at the prison allows, to pursue studies which would lead to her licensing as a dental assistant. One of the considerations of the Court in continuing the YCA sentence is that it has been asserted that defendant may be better able to pursue her said chosen profession if sentenced under YCA, rather than as an adult.