912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Trevor C. DOUGLAS, Defendant-Appellant.
 No. 90-3104.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1990.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant Trevor Douglas appeals the district court's order revoking probation and ordering him to serve the balance of his ten year sentence. The defendant has now filed a motion to remand this action to the district court for resentencing. The government has filed a brief in which it agrees that a remand for the purpose of resentencing is appropriate and a letter waiving oral argument. Upon review of the briefs and the record, we unanimously conclude that oral argument is not needed and that a summary disposition of this appeal is warranted. Rule 34(a), Fed.R.App.P.
 
 
 2
 Douglas was indicated on November 20, 1987 for two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). These offenses were alleged to have occurred on January 27, 1987 and February 19, 1987, respectively, prior to the effective date of the sentencing provisions of the 1984, Section 235(a)(1), Pub.L. No. 98-473, 98 Stat. 2031, as amended by Act of December 26, 1985, Section 4, Pub.L. No. 99-217, 99 Stat. 728 and the Sentencing Act of 1987, Section 2(c), Pub.L. No. 100-182, 101 Stat. 1266.
 
 
 3
 The defendant served the 179 day incarceration portion and was placed upon probation. Thereafter, the government petitioned to revoke probation on grounds that he had tested positive for cocaine and been found guilty of a traffic offense. Douglas admitted the allegations in the petition. At the revocation hearing, the Probation Office recommended a two year sentence followed by three years of supervised release. The district court rejected the Probation Office's recommendation and declined consideration of mitigating evidence offered by the defendant, stating that the court could only reimpose the original sentence.
 
 
 4
 Douglas timely appealed the imposition of sentence and now moves to remand the case for resentencing. In so moving, Douglas cites to the government's brief which concurs that a remand is appropriate on grounds that the district court erroneously believed it was under an obligation to reimpose the original sentence, thereby depriving Douglas of the opportunity to have the court consider mitigating factors possibly supporting a lesser sentence.
 
 
 5
 The sentencing provisions in effect at the time of Douglas' offense provided in pertinent part:
 
 
 6
 ... after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.
 
 
 7
 (Emphasis added). 18 U.S.C. Sec. 3653 (repealed November 1, 1987). The district court had the authority to consier mitigating factors and, if appropriate, to impose a sentence less than that originally pronounced. See e.g., Morrissey v. Brewster, 408 U.S. 471 (1972); United States v. Olivares-Martinez, 767 F.2d 1135, 1137 (5th Cir.1985); United States v. McDonald, 611 F.2d 1291, 1295 (9th Cir.1980).
 
 
 8
 Accordingly, this action is remanded to the district court for resentencing and consideration of whether mitigating factors are present. Rule 9(b)(6), Rules of the Sixth Circuit.