8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth John HOLTHAUS, Defendant-Appellant.
 No. 93-50645.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth John Holthaus appeals the district court's denial of his motion under Federal Rule of Civil Procedure 35(b)[1] to correct or reduce his sentence. Holthaus plead guilty to three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).
 
 
 3
 In 1985, the district court sentenced Holthaus to five years imprisonment on the first count and twenty-five years imprisonment on each of the last two counts, all to run consecutively, followed by a five-year period of probation with 1500 hours of community service. The court suspended the two 25-year prison terms and ordered that Holthaus be placed on probation.
 
 
 4
 In 1989, Holthaus was released from prison. After his parole term expired in 1990, he began the five-year probation. In 1990, Holthaus was convicted of battery. The Probation Office in the Southern District of California petitioned to revoke his probation. The district court revoked Holthaus' probation, once more suspended the sentence, and ordered Holthaus reinstated to another five-year probation term, with a condition of 2000 hours of community service.
 
 
 5
 In 1991, Holthaus forged a letter to show that he had completed 320 hours of community service when in fact he had completed none. In 1992, Holthaus tested positive for amphetamine, methamphetamine, and marijuana. The Probation Office filed a petition to revoke probation and a probation revocation hearing was held. This time the court revoked Holthaus' probation and ordered that he serve the fifty year prison term.
 
 
 6
 In September of 1992 Holthaus filed an ex parte application for an order modifying his sentence pursuant to Rule 35. The court denied the motion. Holthaus appeals, claiming that the district court abused its discretion in sentencing him to fifty years when his probation violations were technical rather than criminal violations.
 
 
 7
 We review a ruling on a Rule 35 motion for a gross abuse of discretion. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). Before the Sentencing Guidelines were enacted, it was well-settled that a sentencing judge had "virtually unfettered discretion in imposing sentence." United States v. Barker, 771 F.2d 1362, 1364 (9th Cir.1985). Thus, a district court's discretion in sentencing is accorded "substantial deference." United States v. Kinsey, 843 F.2d 383, 392 (9th Cir.), cert. denied, 487 U.S. 1223 (1988). Absent an abuse of discretion, sentences within the statutory limits are unreviewable. United States v. Potts, 813 F.2d 231, 233 (9th Cir.1987).
 
 
 8
 Holthaus' original sentence was within statutory limits. Moreover, 18 U.S.C. § 3653 permits the court to revoke probation "and require [the probationer] to serve the sentence imposed, or any lesser sentence." Therefore, the district court did not abuse its discretion in requiring Holthaus to serve the fifty year sentence. See United States v. McDonald, 611 F.2d 1291, 1295 (9th Cir.1980) (upon revocation of probation where imposition of a sentence was suspended, "the sentencing court is free to impose any sentence it originally might have imposed.").
 
 
 9
 Holthaus argues alternatively that the district court did not exercise its discretion. However, the court heard oral arguments and considered briefs and exhibits, after which it ruled. This demonstrates an exercise of discretion. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). Therefore, we
 
 
 10
 AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 35 was modified in 1987 to conform with the Sentencing Guidelines. See United States v. Hardesty, 958 F.2d 910, 911 n. 1 (9th Cir.), rehearing en banc granted, 968 F.2d 985 (9th Cir.), aff'd, 977 F.2d 1347 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1429 (1993). Where, as here, the criminal conduct occurred prior to November 1, 1987, we review the trial court's decision under the prior rule