**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50011 |
| Plaintiff-Appellee, | D.C. No. 2:87-cr-00085-PA-1 |
| v. | |
| DAVID ALLEN WOODS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 14, 2022**
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

Federal prisoner David Woods appeals from the district court's judgment revoking his probation and the sentence imposed upon revocation. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Woods argues that his due process rights were violated by the delay in prosecuting his probation violation. However, the record reflects that Woods waived his due process argument. A defendant waives his rights and precludes appellate review "only when there is evidence that he knew of his rights at the time and nonetheless relinquished them." *United States v. Depue*, 912 F.3d 1227, 1229 (9th Cir. 2019) (en banc). For example, waiver occurs when there is evidence that the defendant was "aware of and considered objecting to" the alleged error in the district court, "but 'for some tactical or other reason, rejected the idea.'" *Id.* at 1233 (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)).

At the initial revocation hearing, Woods' counsel indicated that he intended to file a motion to dismiss on the ground that the delay violated due process. But instead, Woods chose to forgo such a motion after the government agreed to drop one of the allegations in the petition and recommend a time-served sentence. Further, at the final revocation hearing, Woods confirmed that he understood that by admitting the allegation in the petition he was giving up his right to pursue a defense based on the delay. Therefore, Woods knew of his right to assert a due process claim based on the delay and intentionally chose to relinquish it.

Moreover, even if Woods did not waive the issue, he fails to show that the district court plainly erred by not sua sponte holding that the delay violated due process. One of the requirements of plain error review is that the error "was clear or obvious and not subject to reasonable dispute." *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017). Under the circumstances of this case, it was not "clear or obvious" that waiting to prosecute Woods for the probation violation until after he served his state sentence for second degree murder violated his due process rights. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 86-89 (1976) (holding that a federal parolee imprisoned for a crime committed while on parole was not constitutionally entitled to a prompt parole revocation hearing upon the issuance of a parole violation warrant, and noting that where a parolee has been convicted of an offense plainly constituting a parole violation, it made practical sense to wait to hold the revocation hearing until after the expiration of his intervening sentence); *United States v. Wickham*, 618 F.2d 1307, 1309-10 (9th Cir. 1979) (holding that it did not violate the probationer's due process rights to delay his probation hearing until after the resolution of state charges, and noting that the "mere fact that [the probationer] was caught first by federal rather than by state officers should have no functional effect in fixing the priority in which the state and federal matters ought to have been resolved"). Woods' reliance on *United States v. Hamilton*, 708 F.2d

1412, 1413-15 (9th Cir. 1983), is misplaced because it is not "clear or obvious" that it is analogous to Woods' circumstances.

2. Woods also challenges the district court's imposition of a 63-month sentence for the probation violation. The Sentencing Reform Act ("SRA") of 1984 does not apply to Woods' sentence because he committed the underlying bank robbery before the statute's effective date. *See Delancy v. Crabtree*, 131 F.3d 780, 784 (9th Cir. 1997). Under applicable, pre-SRA law, district courts are accorded virtually unfettered discretion in sentencing defendants, and appellate review is limited to determining whether the sentence falls within statutory limits or there are constitutional concerns. *See Koon v. United States*, 518 U.S. 81, 96 (1996); *United States v. Baker*, 10 F.3d 1374, 1420 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).

Woods does not dispute that his 63-month sentence for the revocation of probation fell within the 138-month statutory limit (i.e., the suspended portion of his original bank robbery sentence). *See* 18 U.S.C. § 3653 ¶ 4 (1982) (providing that upon revocation of probation, the district court may "require [the probationer] to serve the sentence imposed, or any lesser sentence"); *United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980) ("Upon revocation of probation the suspension is lifted and the original sentence goes into effect unless a lesser one is imposed.").

Rather, Woods argues that the district court violated "the constitutional guarantee of due process" by basing his sentence on "inaccurate, or mistaken information." *United States v. Lai*, 944 F.2d 1434, 1440 (9th Cir. 1991), *abrogated on other grounds as recognized by LaLonde v. County of Riverside*, 204 F.3d 947, 957 & n.14 (9th Cir. 2000). In particular, Woods contends that the district court's reference at the sentencing hearing to his "ongoing use of alcohol and drugs" was inaccurate because it ignored that he had successfully addressed his substance abuse problems while in state prison. However, the district court's overall statement that Woods "had not responded favorably to sanctions and/or attempted interventions aimed at addressing his shortcomings due to his ongoing use of alcohol and drugs" is not necessarily inaccurate given that Woods had ongoing substance abuse problems for many years after his bank robbery conviction and probation violation.

Therefore, Woods fails to show that his 63-month sentence should be vacated.

**AFFIRMED**.