**UNITED STATES ex rel. William CADOGAN, Relator-Appellant,**

**v.**

**J. Edwin LaVALLEE, Superintendent of Clinton Correctional Facility, Dannemora, New York, Respondent-Appellee.**

**No. 1113, Docket 74-1428.**

United States Court of Appeals, Second Circuit.

Argued June 17, 1974.

Decided Aug. 16, 1974.

W. A. Newcomb, New York City, for relator-appellant.

Arlene R. Silverman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before SMITH and MANSFIELD, Circuit Judges, and BARTELS,* District Judge.

MANSFIELD, Circuit Judge:

In 1963 appellant was sentenced as a multiple narcotics offender by the Queens County Supreme Court, State of New York, to concurrent terms of from 15 to 30 years and from 6 to 20 years, which he is presently serving in Clinton Correctional Facility, Dannemora, N. Y. He appeals from a decision of the Northern

* Of the United States District Court for the Eastern District of New York, sitting by designation.

District of New York, Edmund Port, Judge, denying his *pro se* petition for a writ of habeas corpus, which was sought principally on the ground that his 1963 sentence as a multiple offender was excessive because his earlier 1956 predicate conviction in the Queens County Supreme Court had been obtained in violation of his constitutional rights. For the reasons stated below, we affirm.

On June 7, 1956, following appellant's conviction, after a jury trial, in the state court for felonious possession of a narcotic drug, he was sentenced to a term of from 9 to 10 years, which was on November 18, 1957, revised *nunc pro tunc* to a term of from 5 to 10 years. The conviction was affirmed by the Appellate Division, People v. Cadogan, 12 A.D.2d 647, 210 N.Y.S.2d 780 (2d Dept. 1960). Subsequently appellant was convicted of three narcotics felony offenses which resulted in his being sentenced on November 19, 1963, as a multiple offender.

In the district court appellant's attack on his 1956 predicate conviction was based on the grounds that (1) unconstitutionally seized evidence that should have been suppressed was introduced at his trial, (2) a *Bruton* violation occurred during the 1956 trial, and (3) he was denied his right to appeal from the 1956 conviction. To these he has added on this appeal the argument that it was error for the district court not to have appointed counsel to represent him upon the petition before it, just as counsel was later appointed to represent him upon this appeal.

### Discussion

■■ Turning first to the question of whether counsel should have been appointed in the district, we find no error in the district court's decision not to do so. Where, as here, an evidentiary hearing is unnecessary, the appointment of counsel to represent a *pro se* habeas petitioner rests in the court's discretion. Cole v. Mancusi, 429 F.2d 61 (2d Cir. 1970), cert. denied, 401 U.S. 957, 91 S.Ct. 982, 28 L.Ed.2d 240 (1971). Although the petition, as Judge Port observed, was "less than a model of clarity," it raised issues clearly enough to enable the experienced district judge to give it thorough and careful consideration, which he did. Indeed, while not obligated to do so, he obtained and studied not only the transcripts of appellant's 1956 and 1963 trials but also various other papers documenting appellant's collateral proceedings in the Queens County Supreme Court.

■ The district court properly held that, even assuming that the 1956 conviction resulted from seizure of evidence that would have been unconstitutional after Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), the Supreme Court's ruling in *Mapp* was not retroactive. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). We agree. The ruling in *Mapp*, furthermore, did not cast any doubt on the credibility or integrity of unlawfully seized evidence. Its purpose, which was to deter future police lawlessness, would hardly be served by denying predicate effect to a conviction obtained prior to its pronouncement. The 1956 conviction, therefore, stands unaffected by *Mapp*. Since it was not unconstitutional at the time when obtained, it was not barred from use as a predicate conviction by N.Y. Penal Law, § 1943.[1]

■ The *Bruton* violation, as Judge Port concluded on the basis of his detailed analysis of the transcript of the 1956 trial, was technical in nature and harmless beyond a reasonable doubt, see Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Har-

---

1. N.Y. Penal Law, § 1943, provided in pertinent part:

"An objection that a previous conviction was unconstitutionally obtained may be raised at this time and the court shall so inform the person accused. . . . ° The failure of the person accused to challenge the previous conviction in the manner provided herein shall constitute a waiver on his part of any allegation of unconstitutionality unless good cause be shown for his failure to make timely challenge."

rington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). A similar finding had been made by the Appellate Division, Second Department, People v. Cadogan, 34 A.D.2d at 959, 313 N.Y.S.2d 651. The proof, which was overwhelming, included testimony of two witnesses that they had apprehended appellant in the act of mixing a batch of heroin.

 Since appellant, who was represented by counsel, unsuccessfully appealed his 1956 conviction to the Appellate Division, Second Department, which handed down an affirmance, see People v. Cadogan, 12 A.D.2d 647, 210 N.Y.S. 2d 780 (2d Dept. 1960), his claim that he was denied his right of appeal is reduced to the contention that he was not advised by the Appellate Division or by his counsel of his right to seek permissive review by petitioning the New York Court of Appeals for leave to appeal from the Appellate Division's affirmance of the 1956 conviction. Appellant, however, does not state that he was unaware of the right to seek review by the state's highest court and, in view of his earlier experience with state court criminal procedure—he had three narcotics-related convictions prior to 1956, two of which resulted in jail terms—it is possible that he was well aware of his appeal rights and that his belated claim, made for the first time some 16 years after his 1956 conviction, is an afterthought. But, even assuming he was in fact unaware of his right to seek permissive review, his counsel's failure to advise him of that right would not, in our view, amount to a deprivation of constitutional magnitude. See Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L. Ed.2d 341 (June 17, 1974), where the Supreme Court recently held that an indigent defendant is not entitled under the Constitution to appointment of counsel for the purpose of pursuing discretionary review of his state court conviction by the state's highest court after he had obtained review as a matter of right by the state's intermediate appel-

late court, which had affirmed his conviction. See also United States ex rel. Pennington v. Pate, 409 F.2d 757, 759 (7th Cir. 1969).

The decision of the district court denying appellant's petition and ordering that it be dismissed is affirmed.

We voice our appreciation to Wellington A. Newcomb, Esq., appellant's assigned counsel, for his able and conscientious representation of appellant.