**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Reggie BERRY, Defendant-Appellant.**

**No. 85–1292.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1986.

Decided April 17, 1987.

Bruce D. Schupp, Cal J. Potter, III, Las Vegas, Nev., for defendant-appellant.

David S. Moynihan, Las Vegas, Nev., for plaintiff-appellee.

Before GOODWIN, HUG and WIGGINS, Circuit Judges.

HUG, Circuit Judge:

Reggie Berry appeals from a district court order revoking his probation and reimposing his original sentence of five years' imprisonment and a three-year special parole term for violation of 21 U.S.C. § 846 (1982), conspiracy to distribute heroin. Berry argues that (1) the district judge improperly delegated Berry's final probation revocation hearing to a magistrate; (2) he was denied effective assistance of counsel; (3) the court lost its jurisdiction over him because an unreasonable time elapsed between the issuance of the warrant and its execution and because he was not taken before the sentencing court as quickly as possible after his arrest; and (4) the district court improperly resentenced him to a term of imprisonment greater than that originally imposed.

## I.

### FACTS

On October 25, 1978, appellant Reggie Berry pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1982) and was sentenced to five years' imprisonment and a three-year special parole term. The court stayed the execution of all but six months' imprisonment and placed Berry on probation for the remainder of the sentence.

After Berry had served his six-month sentence and had been released on probation, he committed an extensive series of probation violations. To summarize, Berry received several traffic citations, did not pay child support, did not submit monthly probation reports or meet with probation officials as requested, and was arrested or indicted on three separate occasions for passing bad checks. He also left the jurisdiction without permission and lived in Illinois and Canada.

Violator's warrants for Berry's arrest were issued on July 22, 1980, April 12, 1982, and March 18, 1985. Berry was arrested on June 7, 1985 in Colorado, and made an initial appearance there, where he waived an identity hearing and agreed to return to Nevada. At an initial hearing before a Nevada magistrate on June 25, 1985, Berry waived a preliminary probation revocation hearing. A final revocation hearing before a magistrate was originally scheduled for July 16, but, after a continuance stipulated to by the parties, the hear-

ing was held on August 21. At the hearing, Berry stipulated to the probation violations, but reserved the right to present mitigating evidence. On September 5, the magistrate filed his report, which found that Berry had violated his probation and recommended that the original sentence be imposed. Berry appeared before the district judge on October 4. After allowing Berry and Berry's attorney to make their presentation, the judge adopted the magistrate's findings and reimposed the original sentence. Berry appealed on October 11.

## II.

### THE FINAL PROBATION REVOCATION HEARING

Berry argues that, by conducting the final probation revocation hearing, the magistrate exceeded the authority given him under 28 U.S.C. § 636 (1982 & Supp. 1985). He contends that while a magistrate may conduct a preliminary revocation hearing to determine whether there is probable cause to believe that a probation revocation has occurred, *see* Fed.R.Crim.P. 32.-1(a)(1), he may not conduct the final revocation hearing, where both the determination of whether a violation has occurred and the decision whether to revoke probation are made. Relying on *United States v. Curry*, 767 F.2d 328 (7th Cir.1985) and *Banks v. United States*, 614 F.2d 95 (6th Cir.1980), Berry argues that only a district court judge may conduct the final revocation hearing.

In *Banks*, the court first reviewed the specific grants of authority contained in subsections 636(b)(1)(A) and 636(b)(1)(B) and concluded that these provisions did not empower a magistrate to conduct a final revocation hearing. *Banks*, 614 F.2d at 96–97. It then examined subsection 636(b)(3), which states that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." After a review of the legislative history, the court concluded that a final probation revocation hearing is, in fact, the type of traditional adjudicatory duty which may not be delegated to a magistrate under subsection 636(b)(3). The Seventh Circuit has also adopted this approach in *Curry*, 767 F.2d at 330–31.

It is clear that such a result is not compelled by the Due Process Clause of the United States Constitution because the Supreme Court has approved state procedures that permit the final revocation of probation to be preceded by a hearing before a fact finder other than the judge. *Black v. Romano*, 471 U.S. 606, 611–12, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973). The concern is one of statutory construction. The essential question is what duties Congress intended to allow a district court to delegate to a magistrate under subsection 636(b)(3).

The Nevada District Court Local Rules provide that a district judge may refer to a magistrate any application to revoke probation for preliminary and final hearing. The parties have an opportunity to object and the district judge then makes a *de novo* determination. The determination may be on the record or the district judge may hear further evidence. This procedure is identical to that specified in subsection 636(b)(1) for review of a magistrate's proposed findings and recommendations on the dispositive motions contained in subsection 636(b)(1)(B). Under the rationale of *Banks* and *Curry*, the probation revocation would not be valid unless the district judge conducted a final revocation hearing. Thus, there is a potential conflict between the operation of the Nevada rules and the holdings of *Banks* and *Curry*. This circuit has not ruled on the specific question of whether subsection 636(b)(3) permits delegation to a magistrate to conduct final probation hearings subject to *de novo* review in the district court, and this is not the appropriate case to do so.

In this case, at the hearing before the magistrate, Berry stipulated to all of the probation violations alleged by the Government, and desired only to reserve the right to be allowed to make a statement to the district court on the matter of sentencing. At the conclusion of the proceeding before the magistrate, the magistrate stated:

I will then make a recommendation to the District Court simply that upon filing as herein ordered, a hearing be expedited before the District Court Judge for further argument or proceedings as the District Court may deem appropriate in light of the recommendations which previously will have been filed with the Court.

At the hearing before the district court, Berry's attorney stated:

Your Honor, I know we stipulated to the violation set forth in the petition and Mr. Berry now—I am not sure that he really wants to contest it. He wants to give the Court a factual setting on how this led up to the situation.

The attorney made a statement urging leniency and then Berry was offered an opportunity to present whatever he wished to the court. He then made a statement to the court in which he gave no indication of a desire to contest the alleged probation violations.

With Berry having stipulated to the parole violations, there were no factual determinations to be made. The statements made by counsel and by Berry were directed to a plea for leniency. These statements were not made to the magistrate, but were reserved and then made to the district judge. Thus, the only real hearing of the matters that Berry desired to present was before the district court judge. Thus, we conclude that the hearing before the district judge was the final probation revocation hearing.

### III.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Berry argues that he was denied effective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),

[t]o establish a claim of ineffective assistance of counsel, the petitioner must show that his " 'attorney's errors reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney,' and that [he] suffered prejudice as a result of those errors." ... There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance.

*Weygandt v. Ducharme*, 774 F.2d 1491, 1493 (9th Cir.1985) (citations omitted); *see also United States v. Petersen*, 777 F.2d 482, 484 (9th Cir.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 154, 93 L.Ed.2d 94 (1986); *United States v. Rodriguez-Ramirez*, 777 F.2d 454, 458 (9th Cir.1985).

■ First, Berry claims that he did not wish to stipulate to the facts of his probation violations. However, even the portions of the transcript cited by Berry in his brief do not show that he did not accept the stipulation; rather, he agreed to the stipulation, but reserved the right to present evidence of mitigating circumstances. Further, when Berry had the opportunity to address the district judge, he did not contest the stipulation but instead explained the motivation for his actions. Thus, Berry's first claim is without merit.

■ Berry's second contention, that he was not allowed to call out-of-state witnesses, is also meritless. He offers no indication of what these witnesses would have testified to, or how their testimony might have changed the outcome of the hearing. Thus, Berry has not demonstrated that he was prejudiced by counsel's actions, because he has not shown that "the [allegedly] deficient performance [created] a reasonable probability that the result of the proceeding would have been different." *Petersen*, 777 F.2d at 484.

### IV.

### JURISDICTION AND DUE PROCESS

■ Berry argues that the district court lost its jurisdiction over him for two related reasons. First, he contends that an unreasonable time elapsed between the issuance of the warrant for his probation violation and its execution. He relies upon our decision in *United States v. Hill*, 719 F.2d 1402 (9th Cir.1983). As we noted in that case, a sentencing court may issue a warrant for arrest at any time within the probationary period, but if it is not issued within the probationary period the court loses jurisdiction over the violation. *Id.* at 1404; 18

U.S.C. §§ 3651, 3653 (1982 & Supp.1985). The issuance of a warrant may extend the jurisdiction to hear the probation violation if a probationer is imprisoned for another offense or voluntarily absents himself from the jurisdiction. *Id.* In this case, there is no question that a warrant for his arrest was issued within the probationary period and that his voluntary absence from the jurisdiction prevented the warrant's execution.

We noted in *Hill* that the issuance of a warrant does not extend indefinitely the jurisdiction of the court over the probationary violation; a warrant must be executed within a reasonable time to preserve the jurisdiction. *Id.* at 1405. The circumstances for the delay must be examined to determine whether the warrant was executed within a reasonable time. *Id.* In *Hill*, no justification existed for the two-and-one-half-year delay. The probation department knew his address throughout that time and no effort was made to serve him. When he learned of the warrant's existence, he promptly surrendered himself.

In this case, Berry frustrated the execution of the warrant because of his unauthorized voluntary absence from the jurisdiction and failure to provide information as to his whereabouts. He was apprehended as soon as his location became known. Therefore, Berry's reliance on *Hill* is misplaced and no jurisdictional problem is present here.

■ Berry's second contention is that even if the Nevada District Court initially had jurisdiction over him, it lost jurisdiction because more than seven months elapsed between the execution of the probation violator's warrant (his arrest) and his appearance before the district court on October 4. Title 18 U.S.C. § 3653 states in part that "[a]s speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him." This is not a jurisdictional issue but, instead, is one of due process.

Under section 3653, the relevant time period begins with Berry's arrest on June 7, 1985. The Government was reasonably allowed a three-week delay in which to retrieve Berry's records from the archives and prepare its case. Berry stipulated to a continuance of the revocation hearing before the magistrate until August 21, 1985, to accommodate defense counsel. Thus, the time period in question is between the August 21 magistrate's hearing and the hearing before the district judge on October 4, 1985. On September 5, the magistrate lodged his findings. On September 26, the district judge set the time for further proceedings before him on October 4. We conclude that there was no due process violation. *See United States v. Redd,* 759 F.2d 699, 701 (9th Cir.1985) (a five-week delay was not unreasonable).

## V.

## RESENTENCING

■ Berry was originally sentenced to five years' imprisonment and a three-year special parole term; the district court suspended the execution of all but six months of the term of imprisonment. At the resentencing, the district judge ordered that the original five-year sentence be imposed. When Berry asked for credit for the time he had already served, the judge replied that Berry would receive appropriate credit, but that this was a question which should be handled by the Attorney General. Berry now argues that the judge could only resentence him to four and one-half years because he had already served six months.

This contention is without merit. The district court had originally suspended the execution of most of Berry's sentence. "Upon revocation of probation the suspension is lifted and the original sentence goes into effect unless a lesser one is imposed." *United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir.1980); *see also* 18 U.S.C. § 3653 ("... the court may revoke the probation and require him to serve the sentence imposed...."). Here, the district court was merely reinstating Berry's original sentence.

It is the responsibility of the Attorney General to implement the sentence imposed by the court. Title 18 U.S.C. § 3568 (1982) states that "[t]he Attorney General shall give any ... person credit toward service

of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." We have previously held that it is the Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, which have the responsibility of computing sentences and giving credit for time previously served. *Chua Han Mow v. United States,* 730 F.2d 1308, 1313 (9th Cir.1984), *cert. denied,* 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985); *United States v. Clayton,* 588 F.2d 1288, 1292–93 (9th Cir. 1979). Thus, if Berry disputes the credit he receives for time served, he should use the administrative process established by the Bureau of Prisons, 28 C.F.R. §§ 542.-10–542.16 (1986), before seeking relief in federal court. *Chua Han Mow,* 730 F.2d at 1313–14.

AFFIRMED.