UNITED STATES of America, Plaintiff,

v.

Michael OLMO and Phillip
Martinez, Defendants.

Michael OLMO, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Nos. CR–75–0326 SAW, C–85–2322 SAW.

United States District Court,
N.D. California.

July 6, 1987.

Michael Olmo, in pro. per.

Sanford Svetcov, Sandra Teters, U.S. Atty.'s Office, San Francisco, Cal., for the U.S.

## ORDER DENYING MOTION TO VACATE SENTENCE

WEIGEL, District Judge.

Michael Olmo was convicted in this Court of first-degree murder in 1975. The Court sentenced him and his co-defendant, Phillip Martinez, to life in prison. In 1982, Olmo moved this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court dismissed the motion. The Ninth Circuit affirmed. In March, 1985, Olmo brought this motion, once again invoking section 2255. On April 22, 1985, the Court dismissed the motion on the grounds that the claims therein were either successive or lacked merit. On appeal, the Ninth Circuit affirmed with respect to all but three of Olmo's claims. The Ninth Circuit reversed and remanded to this Court for consideration of three claims by Olmo that he received ineffective assistance of counsel, 798 F.2d 473 (9th Cir.1986). Specifically, Olmo claims that (1) his counsel failed to interview a potential witness, Lydia Quintana; (2) the advice of counsel caused Olmo to perjure himself; and (3) counsel failed to inform Olmo of information in the presentence report.

Section 2255 provides in pertinent part:

A prisoner in custody under the sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ..., may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Court must make the threshold determination of whether an evidentiary hearing is required to adjudicate Olmo's claims. 28 U.S.C. § 2255; § 2255 Rule 4(b). "A hearing must be ordered unless, viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal." *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir.1982); *accord, Abatino v. United States,* 750 F.2d 1442, 1444 (9th Cir.1985). To state a claim for relief under section 2255 based upon trial errors to which no contemporaneous objection was made, Olmo must (1) offer an excuse for failing to challenge the alleged errors during the trial or on direct appeal, and (2) allege actual prejudice resulting from the

errors of which he complains. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). Olmo has made no attempt to meet the first criterion. The Court will therefore turn to the second criterion. For the reasons which follow, all three of Olmo's claims either fail to state a claim for relief or are plainly contradicted by the trial record, or both, and may be dismissed without an evidentiary hearing.

### 1. *Alleged failure of counsel to interview a witness*

■ Olmo contends he received ineffective assistance of counsel because his lawyer, Charles Harrod, did not interview a potential witness, Lydia Quintana. Frank Ubhaus, counsel for Olmo's co-defendant Phillip Martinez, has submitted a declaration stating that he interviewed Quintana. Decl. of Frank Ubhaus, at 2. The record does not indicate whether Harrod personally interviewed Quintana, and the parties have apparently been unable to locate Harrod during the present proceedings. However, the record indicates that Harrod and Ubhaus collaborated closely, effectively serving as co-counsel for both defendants. Olmo himself states that he was represented by both Harrod and Ubhaus. Olmo Aff. at 2. If so, then Olmo had the full benefit of Ubhaus' interview of Quintana.

Even assuming *arguendo* that Olmo's counsel neither interviewed Quintana nor had knowledge of the contents of such an interview, it is clear from the record that no prejudice resulted. To begin with, Olmo has provided little indication of how Quintana's testimony would have helped him. He has submitted a declaration in which Quintana states she could contradict the trial testimony of her ex-husband, Alex Quintana. Alex testified that co-defendant Martinez had called him from jail and told him that it was Olmo who killed Romero, the murder victim. Lydia's declaration states in a conclusory fashion that she would refute this testimony, but does not elaborate on how she would do so.

Moreover, even without Alex's testimony, the evidence against both defendants was overwhelming. Olmo, Martinez and others testified that Olmo and Martinez picked up the victim Romero in Olmo's car on the evening of the murder in furtherance of a transaction in which Romero was to make restitution to Olmo and Martinez for having "burned" them on a prior drug deal. Olmo and Martinez admitted they planned to get revenge against Romero by robbing him of his cache of cocaine after they picked him up. Romero identified Olmo and Martinez as his assailants before he died. The murder weapon was found in Olmo's car less than 15 minutes after the shooting. In short, Olmo's unsupported allegation that Lydia Quintana could impeach Alex Quintana's testimony does not undermine the guilty verdict. Olmo's first claim therefore fails for lack of prejudice. Olmo has neither alleged nor could he prove that "the [allegedly] deficient performance [of his counsel created] a reasonable probability that the result of the proceeding would have been different." *See United States v. Petersen*, 777 F.2d 482, 484 (9th Cir.1985); *United States v. Berry*, 814 F.2d 1406, 1409–10 (9th Cir.1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### 2. *Counsel's alleged advice to commit perjury*

■ Olmo claims that counsel advised both him and Martinez to perjure themselves by denying any involvement in the crime. This claim is contradicted by both the trial record and the declaration of defense counsel Frank Ubhaus.

Ubhaus denies advising Olmo or Martinez to disclaim any involvement in the crime. Decl. of Frank Ubhaus, at 2. Rather, counsel suggested that because the United States' case was so strong, and a conviction of first degree murder very likely, Olmo and Martinez should plead guilty to second degree murder. Both defendants adamantly refused counsel's advice; each testified that the other pulled the trigger.

Even assuming *arguendo* that counsel advised defendants to deny involvement in

the crime, Olmo did not follow this advice. He testified that he was involved in the crime, but that it was Martinez who killed Romero. If Olmo perjured himself, it was of his own volition, and not on the advice of counsel.

Thus, Olmo's claim is contradicted by both the record and the declaration of counsel, and is suitable for summary dismissal.

### 3. *Alleged failure to show Olmo the presentence report*

Olmo's claim that counsel failed to show him the presentence report lacks merit. Olmo claims the report stated falsely that he was previously convicted of robbery and burglary. Olmo offers no evidence that this portion of the report was inaccurate. More importantly, the Court did not rely upon this information in sentencing Olmo to the mandatory life sentence imposed by 18 U.S.C. § 1111. *See Farrow v. United States,* 580 F.2d 1339, 1352–54 (9th Cir.1978) (en banc) (section 2255 motion may be dismissed without an evidentiary hearing where the sentencing judge states that he did not rely upon the allegedly invalid prior convictions during the initial sentencing); *accord Jones v. United States,* 783 F.2d 1477, 1481 (9th Cir.1986). The Court declined to sentence Olmo under the Youth Corrections Act because it felt such a sentence would be "unthinkable" for a cold-blooded act of murder. The challenged portions of the presentence report were insignificant in light of the heinousness of the crime for which Olmo was sentenced.

In summary, Olmo cannot demonstrate sufficient prejudice to support any of his three claims. In addition, Olmo has failed to meet the first criterion for relief under section 2255, which requires a showing of "cause" why Olmo failed to raise his claims during the trial or upon direct appeal.

Olmo has also requested that he be appointed counsel to represent him on the present motion. If an evidentiary hearing were merited, the Court would appoint counsel. *See Alford v. United States,* 709 F.2d 418, 423–25 (5th Cir.1983). However, when an evidentiary hearing is not required, the Court has discretion whether to appoint counsel. *United States ex rel. Cadogan v. LaVallee,* 502 F.2d 824, 826 (2d Cir.1974); § 2255 Rule 8(c). Olmo's claims lack merit, and the assistance of counsel would not significantly aid him in presenting them in a more persuasive manner. The Court therefore exercises its discretion not to appoint counsel. The weakness of Olmo's claims is the lack of factual basis to support them, not Olmo's method of presentation or his lack of legal training.

For the foregoing reasons,

IT IS HEREBY ORDERED that the motion to vacate sentence is denied.