948 F.2d 1337
 292 U.S.App.D.C. 229
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Curtis E. CRAWFORD, Appellant,
v.
Mayor Sharon Pratt DIXON, et al.
Curtis E. CRAWFORD, Appellant,
v.
Mayor Sharon Pratt DIXON, et al.
 No. 90-7189, 90-7198.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 1, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the order to show cause filed August 16, 1991, and the response thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted. While due process requires that parole violator warrants be executed within a reasonable time of their issuance, see, e.g., United States v. Berry, 814 F.2d 1406, 1410 (9th Cir.1987), there is no requirement that such warrants be executed upon the parole violator's demand. Because the parole violator warrant in this instance was executed one day after appellant attempted to turn himself in, appellant has failed to allege any violation of his constitutional rights. The merits of the parties' position are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d, 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.