990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Feliciano AMADOR-TORRES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-16108.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Feliciano Amador-Torres appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 109-month sentence imposed following his guilty plea to conspiracy to distribute narcotics and distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. Amador-Torres contends that he was denied the effective assistance of counsel because his trial attorney failed to investigate his case thoroughly, and failed to file a pre-trial motion to suppress evidence.[1] We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance of counsel claim. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991); Guam v. Santos 741 F.2d 1167, 1169 (9th Cir.1984). Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Strickland 466 U.S. at 694.
 
 
 4
 Amador-Torres's argument that his attorney failed to investigate the case is unsupported by the record. In his opening brief, petitioner specifically states: "[i]f defense counsel would have investigated into the possible witnesses to the conspiracy, all three co-defendants would have testified that defendant had no involvement in the conspiracy, which would have lead [sic] to his acquittal." Such unsupported conclusory allegations are insufficient to establish a claim of ineffective assistance. See United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989); United States v. Berry, 814 F.2d 1406, 1409 (9th Cir.1987). Further, a co-defendant testified at trial that petitioner was not involved in the conspiracy, but petitioner was still convicted. Therefore, petitioner has not shown prejudice because the testimony of the other witnesses would have been cumulative of the testimony given at trial. See United States v. Schaflander, 743 F.2d 714, 719 (9th Cir.1984) (defendant's counsel had no obligation to present cumulative evidence), cert. denied, 470 U.S. 1058 (1985).
 
 
 5
 Petitioner also argues that his attorney's failure to file a motion to suppress evidence obtained from a warrantless search of the car he was driving amounted to ineffective assistance of counsel. This argument lacks merit.
 
 
 6
 The record indicates that the police had probable cause to search the car for the cocaine which was the subject of the crime. See United States v. Linn, 880 F.2d 209, 215 (9th Cir.1989) (warrantless search of car justified by probable cause). Petitioner cannot therefore show he was prejudiced by the failure to file a suppression motion. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991) (prejudice not established for ineffective assistance claim based on failure to file motion to suppress where evidence would be admissible under various theories). Further, the decision not to file a motion to suppress reasonably could have been a tactical decision, which cannot form the basis of an ineffective assistance claim. See Doganiere, 914 F.2d at 168; Guam, 741 F.2d at 1169. Accordingly, the district court did not err by denying petitioner's section 2255 motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Issues not raised before the district court in a defendant's section 2255 motion may not be raised for the first time on appeal from the district court's denial of that motion. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). Accordingly, we review only those issues Amador-Torres raised in his section 2255 motion. See id