12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Andrew STEELE, Jr., Defendant-Appellant.
 No. 93-50253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Andrew Steele, Jr., appeals the district court's order revoking his probation. Steele contends the district court violated his due process rights by failing to conduct a prompt hearing. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 On October 11, 1983, the district court sentenced Steele to concurrent eight years' imprisonment for two counts of bank robbery in violation of 18 U.S.C. Sec. 2133(a). The court suspended imposition of sentence on a third bank robbery count and placed Steele on five years' probation to commence upon his release from custody. On March 27, 1988, Steele was released on parole and his probation commenced. On May 8, 1991, a parole violator warrant issued because Steele had failed to report to his probation officer and failed to report an address change. The district court tolled Steele's probation until released from custody on the federal parole violation.
 
 
 4
 On January 27, 1992, Steele was arrested in Nevada for possessing a credit card without the cardholder's consent, burglary, and forgery. On March 12, 1992, Steele posted bail on those charges, but was taken into federal custody on the parole warrant. On March 17, 1992, a probation officer conducted a preliminary interview to determine if probable cause existed to revoke parole, at which time Steele admitted the parole violations. On March 25, 1992, Steele requested both a probation and parole hearing. On May 8, 1992, the Parole Commission withdrew the parole warrant and ordered it held in abeyance pending resolution of the Nevada charges.[1] Steele was returned to state custody, and on June 15, 1992, was released on bail. He thereafter entered a guilty plea on two of the state charges and was sentenced to five years' imprisonment.
 
 
 5
 On November 18, 1992, the district court issued a bench warrant and ordered Steele to show cause why his probation should not be revoked as a result of his Nevada convictions. On February 22, 1993, the district court convened the preliminary probation revocation hearing but at Steele's request, continued the hearing to March 22, 1993. On the its own motion, the court continued the hearing one week. On March 29, 1993, the district court denied Steele's motion to dismiss the probation violation. The court sympathized with Steele's experience at the hands of the Parole Commission but found that the probation hearing itself had been held within a reasonable period of time. The district court revoked Steele's probation and sentenced him to 48 months' imprisonment to be served concurrently with the state sentence.
 
 
 6
 We review for abuse of discretion the district court's decision to revoke probation. United States v. Dane, 570 F.2d 840, 843 (9th Cir.1977), cert. denied, 436 U.S. 959 (1978). The district court's decision must be "tempered with a proper regard for the due process rights of the probationer." Id.
 
 
 7
 A person arrested for violation of probation shall be taken before the district court "[a]s speedily as possible." 18 U.S.C. Sec. 3653 (repealed 1984); see generally Gagnon v. Scarpelli, 411 U.S. 778 (1973) (due process protections apply to probation revocation proceedings). Further, "[w]henever a person is held in custody on the ground that the person has violated a condition of probation ..., the person shall be afforded a prompt hearing before any judge ... to determine whether there is probably [sic] cause to hold the person for a revocation hearing." Fed.R.Crim.P. 32.1(a)(1). "The revocation hearing ... shall be held within a reasonable time." Id. 32.1(a)(2). The government is allowed a reasonable period of time to retrieve files from the archives and prepare its case. United States v. Berry, 814 F.2d 1406, 1410 (9th Cir.1987). To establish a due process violation, "the delay must have prejudicially affected the probationer's ability to contest revocation." United States v. Wickham, 618 F.2d 1307, 1310 (9th Cir.1979).
 
 
 8
 Initially, Steele argues his right to a prompt hearing under Fed.R.Crim.P. 32.1(a)(1) arose when he was taken into federal custody on March 13, 1992. We reject this argument. Here, Steele was simultaneously on probation and parole. Although Steele was in federal custody from approximately March 13, 1992 until his return to Nevada, that custody stemmed from the parole violator warrant and Steele was under the legal control of the Attorney General. See 18 U.S.C. Secs. 4210(a), 4213 (repealed 1984). Therefore, we agree with the district court that Steele's custody under the parole violator warrant did not impact the timeliness of his probation revocation hearing. Cf. Moody v. Daggett, 429 U.S. 78, 87 (1976) ("loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant"); Morrissey v. Brewer, 408 U.S. 471, 480 (1972) (parole supervision by administrative agency, not court).
 
 
 9
 As for the length of the delay, the hearing occurred approximately four months after the bench warrant issued, though one month resulted from Steele's request for a continuance. See Berry, 814 F.2d at 1410 (excluding delay attributable to defendant). Because the government needed time to retrieve Steele's files from the archives, to prepare its case, and to transfer Steele from Nevada, we conclude the district court did not violate Steele's due process rights or abuse its discretion by denying the motion to dismiss. See id. (no due process violation when hearing occurred seven months after arrest). Moreover, Steele does not allege or establish that the delay prejudiced his ability to contest the violation, find witnesses, or produce evidence of mitigating circumstances which might have resulted in continued probation. See Wickham, 618 F.2d at 1310.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to a letter from the probation officer to the district court, the Parole Commission has reissued the parole warrant
 
 
 [2]
 Although we express no view on the merits, we note that Steele might apply for credit from the Bureau of Prisons for the time served in federal custody on the parole warrant when he would have been released on state bail. See, e.g., 18 U.S.C. Sec. 3568 (repealed 1984); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir.1988) ("A prisoner in state custody who cannot secure his release on bail because of a federal detainer is entitled to credit against his federal sentence for the time he would otherwise be out free on bail."); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984) (prisoner must exhaust administrative remedies before litigating claim that Bureau of Prisons denied him credit for time served), cert. denied, 470 U.S. 1031 (1985)