105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose D. RAYGOSA-ROCHA, Defendant-Appellant.
 No. 95-16610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose D. Raygoza-Rocha appeals the district court's denial of his 28 U.S.C. section 2255 motion. Raygoza-Rocha contends that the district court erred by denying his 2255 motion and his request for an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2255 and we review de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We affirm.
 
 
 3
 Raygoza-Rocha contends that his trial counsel was ineffective for failing to: (1) interview and present favorable testimony from four witnesses; (2) give Raygoza-Rocha an opportunity to sufficiently review the presentence report (PSR) and object to the PSR's characterization of him as a "major drug trafficker;" (3) raise a Batson challenge to the government's peremptory striking of two Hispanic venirepersons.
 
 
 4
 We review de novo a district court's determination that trial counsel rendered effective assistance. United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). We may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, without examining the performance prong. See id. at 697.
 
 
 5
 Raygoza-Rocha contends that trial counsel was ineffective for failing to present the testimony of four named witnesses. He claims that these four witnesses would have impeached the credibility of the government's chief witness and damaged the government's case. Raygoza-Rocha's vague and conclusory allegations, however, are insufficient to entitle him to relief. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989). Raygoza-Rocha has failed to demonstrate that he was prejudiced by counsel's actions. See Strickland, 466 U.S. at 697; see also United States v. Berry, 814 F.2d 1406, 1409 (9th Cir.1987) (prejudice not shown where petitioner offers no indication of what witnesses would have testified to or how testimony might have changed outcome).
 
 
 6
 Raygoza-Rocha contends that trial counsel was ineffective for failing to give Raygoza-Rocha an opportunity to sufficiently review the PSR and object to the PSR's characterization of Raygoza-Rocha as a "major drug dealer." The record, however, indicates that Raygoza-Rocha informed the district court that he was given the opportunity to review the presentence report with his counsel. Moreover, the record demonstrates that counsel did object to the PSR's characterization of Raygoza-Rocha as a "major drug dealer." Accordingly, Raygoza-Rocha's contention is without merit. See Strickland, 466 U.S. at 697.
 
 
 7
 Raygoza-Rocha contends that counsel was ineffective for failing to raise a Batson challenge based on the government's striking of two Hispanice venirepersons, Zaragoza and Pacheco, from the jury. This contention is without merit.
 
 
 8
 To prove a Batson violation, a petitioner must show purposeful discrimination in the jury selection process by showing that the circumstances of the jury selection raise an inference that the government excluded the venireperson based on race. See United States v. Power, 881 F.2d 733, 739-40 (9th Cir.1989). When a prima facia case of discrimination is established, the burden shifts to the government to articulate a neutral explanation for its challenge. Id. at 740.
 
 
 9
 At trial, the government raised the issue of Batson and demonstrated that it had struck venireperson Zaragoza based upon his statement that his brother had been indicted in a criminal matter but had succeeded in dismissing the indictment due to the undercover informant's lack of truthfullness. Additionally, the record shows that venireperson Pacheco was dismissed by the district court because of personal hardship. Based on this record, counsel was not ineffective for failing to raise a Batson challenge. See Power, 881 F.2d at 740.[1]
 
 
 10
 Raygoza-Rocha raises for the first time on appeal his contention that trial counsel was ineffective for failing to object to statements made by the government during closing argument and object to the government's alleged vouching for the credibility of one of its witnesses. Because Raygoza-Rocha failed to raise this contention in the district court, we will not address it here. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994).
 
 
 11
 Raygoza-Rocha contends that the district court erred by not granting his motion to amend his section 2255 motion. The record, however, shows that the district court denied Raygoza-Rocha's section 2255 motion before receiving Raygoza-Rocha's motion to amend. Accordingly, Raygoza-Rocha's contention is without merit.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Raygoza-Rocha failed to allege facts which, if true, would entitle him to relief, we reject Raygoza-Rocha's contention that the district court erred by failing to hold an evidentiary hearing on Raygoza-Rocha's ineffective assistance claims. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam)