105 F.3d 668
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Garland Lee WILSON, Petitioner-Appellant,
v.
James H. GOMEZ, Director of CDC; Attorney General of the
State of California, Respondents-Appellees.
 No. 95-55984.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Garland Lee Wilson, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition.[1] Wilson contends that the trial court: (1) violated his constitutional rights by admitting Wilson's confession obtained in violation of his Miranda rights; and (2) violated his Faretta right to self-representation. Additionally, Wilson contends that he received ineffective assistance from trial and appellate counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 I. Confession
 
 3
 Wilson contends that he requested counsel but the police continued their questioning until Wilson ultimately confessed. We need not decide this contention.
 
 
 4
 "[A]fter a knowing and voluntary waiver of the Miranda rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney." Davis v. United States, 114 S.Ct. 2350, 2356 (1994). A suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." id. at 2355.
 
 
 5
 Here, the district court held an evidentiary hearing and determined that Wilson waived his Miranda rights and failed to make an unambiguous request for counsel prior to giving his confession. The evidence showed that Culver City police detectives invited Wilson to come by the station for questioning. At the station, the detectives advised Wilson of his Miranda rights. Wilson answered, "I don't waive that right if I'm going to incriminating (sic) myself." We agree with the district court that, based upon this statement alone, Wilson did not clearly articulate his desire to have counsel present so that a reasonable officer would have understood his statement to be a request for counsel. See id. at 2357. Wilson, however, additionally testified that he requested counsel and was told, "Culver City lawyers will probably be in court right now, we probably couldn't get you one right now." The district court made no credibility determination and made no factual or legal findings regarding Wilson's allegation.
 
 
 6
 Even assuming a Miranda violation occurred, we conclude that any error committed by the trial court in admitting evidence of Wilson's confession was harmless under Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). The jury was presented with substantial, independent, and credible evidence of Wilson's guilt beyond a reasonable doubt. See Christian v. Rhode, 41 F.3d 461, 468 (9th Cir.1994). At trial, the victim's testimony mirrored Wilson's confession. The victim stated that Wilson, her ex-boyfriend, broke into the victim's house, pointed a gun at her, ordered Ms. Ragin and her daughter into a bathroom, and forced the victim to drive Wilson away from the house. She further testified that Wilson directed her to a deserted area where he fired his gun into the air, struck her, and then raped her. Ms. Ragin corroborated the victim's testimony concerning the break-in. Moreover, Wilson testified that he broke into the victim's house, brandished his gun, fired his gun, pushed the victim, had sexual intercourse with her, and that she collapsed immediately afterwards. Wilson testified that the victim consented to having sexual intercourse with him. Based upon the substantial, independent and credible evidence of Wilson's guilt, any error committed by the trial court in admitting evidence of Wilson's confession was harmless. See Brecht, 507 U.S. at 637; Christian, 41 F.3d at 468.
 
 II. Right to Self-Representation
 
 7
 Wilson contends that the trial court violated his Sixth Amendment right because the lack of access to the law library forced him to involuntarily waive his right to self-representation. We disagree.
 
 
 8
 Under the Sixth Amendment, a criminal defendant has the right to represent himself provided his waiver of counsel is knowing and intelligent, unequivocal, timely, and not for the purpose of delay. Faretta v. California, 422 U.S. 806, 835 (1975). When a defendant equivocates, he is presumed to have requested assistance of counsel. Jackson v. Ylst, 921 F.2d 882, 889 (9th Cir.1990); Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir.1989).
 
 
 9
 The record shows that the trial court initially granted Wilson the right to self-representation. After Wilson complained about the lack of access to his law library, the court issued an order mandating access. Before trial, Wilson asked that counsel be reassigned to his case. Wilson explained to the trial court that he desired counsel because he was overwhelmed by the complexity of trial. Wilson did not, however, inform the trial court that he was waiving his right to self-representation because of inadequate access to the law library. Because of Wilson's equivocal requests regarding self-representation, Wilson waived his right to self-representation. See Jackson, 921 F.2d at 889.
 
 III. Ineffective Assistance of Counsel
 
 10
 Wilson contends that he received ineffective assistance of counsel, both at trial and on appeal. We disagree.
 
 
 11
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). We may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, without examining the performance prong. See id. at 697.
 
 
 12
 Wilson contends that trial counsel was ineffective for failing to investigate facts and call witnesses. Wilson claims that a hotel clerk would have testified that the victim had the opportunity to escape and did not do so. Wilson, however, fails to indicate how these additional facts and testimony would have affected the outcome of his case. See United States v. Berry, 814 F.2d 1406, 1409 (9th Cir.1987) (where petitioner offers no indication of what witnesses would have testified to or how testimony might have changed outcome, prejudice not shown). Because of the substantial, independent evidence of Wilson's guilt, Wilson fails to show he was prejudiced by trial counsel's actions. See Strickland, 466 U.S. at 697.
 
 
 13
 Wilson additionally contends that he received ineffective assistance because trial counsel failed to conduct a proper cross-examination of the victim. Wilson argues that counsel should have cross-examined the victim on her failure to seek "rape testing." Because the jury was presented with substantial evidence of Wilson's guilt, and because Wilson has not indicated how these facts would have affected the outcome of his trial, Wilson fails to show that he was prejudiced by trial counsels' actions. See id. at 697; Berry, 814 F.2d at 1409.
 
 
 14
 Wilson next contends that his appellate counsel was ineffective by: (1) failing to raise the issues of ineffective assistance of trial counsel; (2) failing to raise the issue that his confession was taken in violation of the Fifth Amendment; and (3) failing to appeal the issues which Wilson requested. Wilson fails to show that he was prejudiced by appellate counsel's performance. See Jones v. Barnes, 463 U.S. 745, 754 (1983) (appellate counsel has no duty to raise every claim suggested by client); see also Shah, 878 F.2d at 1162.
 
 
 15
 Because Wilson's allegations, if proved, would not entitle him to relief, the district court did not err by failing to hold an evidentiary hearing on Wilson's ineffective assistance claims. See Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir.1995), cert. denied, 116 S.Ct. 937 (1996).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Wilson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We remanded to the district court for the limited purpose of determining whether Wilson's declaration constituted a motion to reopen the time for filing an appeal, pursuant to Fed.R.App.P. 4(a)(6). The district court granted Wilson's motion and found his notice of appeal timely