145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deral Dwayne ELLIS, Petitioner-Appellant,
v.
Ivalee HENRY, Warden, Mule Creek State Prison; Attorney
General of the State of California, Respondents-Appellees.
 No. 97-16824.
D.C. No. CV-95-01359-WBS.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, Chief Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Deral Dwayne Ellis appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury conviction for six counts of robbery with enhancements for firearm and weapon use. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of Ellis' petition de novo, see Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir.1995), and we affirm.
 
 
 3
 Ellis first contends that he is entitled to habeas relief because, during the course of trial, the prosecutor made reference to a revolver not used in the charged crimes. This contention lacks merit. Viewing the prosecutor's actions in the context of the entire trial, we cannot say that the demonstrative use of the revolver had a substantial and injurious effect on the jury's verdict. See Greer v. Miller, 483 U.S. 756, 765-66, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (considering claim of prosecutorial misconduct in light of entire proceeding and after placing prosecutor's action in context); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996).
 
 
 4
 Ellis contends that he was denied his due process right to a fair trial because the trial court: 1) permitted the prosecutor's use of the revolver; 2) admitted into evidence a photograph depicting all items, including the revolver, found in a bag seized incident to Ellis' arrest; and, 3) failed to issue sua sponte a curative instruction to the jury with regard to the photograph. These contentions lack merit.
 
 
 5
 We agree with the district court that, in the context of the entire trial, the trial court's evidentiary rulings and relative jury instructions did not render his trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Henderson v.. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); Walters, 45 F.3d at 1357 (holding that habeas relief for state court evidentiary error is warranted only if "admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair"). Because Ellis is not entitled to federal habeas relief on these claims, we similarly reject his contention that the trial court erred when it denied his motion for a new trial, predicated upon the same grounds. See Estelle, 502 U.S. at 71-72; Walters, 45 F.3d at 1357.
 
 
 6
 Ellis next contends that his trial counsel rendered ineffective assistance because she was unprepared for trial, failed to object to the admission of the photograph on the ground that it depicted the revolver and, failed to call three witnesses who may have provided favorable testimony. We review ineffective assistance claims de novo, see Ortiz-Sandoval, 81 F.3d at 896, and disagree. Ellis failed to demonstrate a reasonable probability that, but for counsel's alleged errors, "the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 694, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that ineffective assistance claim may be disposed of solely on lack of sufficient prejudice); see also United States v. Berry, 814 F.2d 1406, 1409 (9th Cir.1987) (where petitioner offers no indication of what witnesses would have testified to or how testimony would have changed outcome, prejudice not shown).
 
 
 7
 Finally, Ellis contends that he is entitled to habeas relief because he did not waive his right to have a sentencing enhancement determined by jury. We reject this contention because there is no federal constitutional right to jury sentencing. See McMillan v. Pennsylvania, 477 U.S. 79, 93, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3