**Ruben ORTIZ, Petitioner—Appellant,**

v.

**Silvia GARCIA, Warden, Respondent—Appellee.**

**No. 05–55101.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2006.*

Decided Aug. 31, 2006.

STE. A, Mill Valley, CA, for Petitioner—Appellant.

Herbert S. Tetef, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM **

Ruben Ortiz appeals the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We omit the relevant facts as they are known to the parties.

Ortiz argues that his trial counsel rendered ineffective assistance because she failed to present additional eyewitness testimony. We disagree. The testimony Ortiz suggests should have been presented would have been cumulative, not probative, and of suspect credibility. Deputy Gal-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

van's account was corroborated by his contemporaneous radio transmission, his injuries, the medical treatment he received, and Ortiz's having been arrested without a shirt. Further, Ortiz's speculation that counsel could have located other witnesses avails him nothing. *See United States v. Berry,* 814 F.2d 1406, 1409 (9th Cir.1987). Accordingly, we are persuaded that there is no reasonable probability that, absent the alleged errors by counsel, the jury would have had a reasonable doubt respecting Ortiz's guilt. *See Strickland v. Washington,* 466 U.S. 668, 694–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Ortiz also argues that counsel rendered ineffective assistance at sentencing by failing to present mitigating evidence in the form of testimony from family members. *See Jackson v. Calderon,* 211 F.3d 1148, 1164 (9th Cir.2000) (applying *Strickland'*s standards to a claim involving the penalty phase). Again, we disagree. The testimony Ortiz's relatives provided at the district court hearing did not reveal any extraordinary circumstances or show Ortiz to be outside the spirit of the three strikes scheme. *See People v. Williams,* 17 Cal.4th 148, 69 Cal.Rptr.2d 917, 948 P.2d 429, 437 (1998); *People v. Strong,* 87 Cal. App.4th 328, 104 Cal.Rptr.2d 490, 497 (2001). Ortiz seems to be the kind of "revolving-door" defendant for which the three strikes law was designed. *See Strong,* 104 Cal.Rptr.2d at 497. There is therefore no reasonable probability that the trial court would have exercised its limited discretion to strike any of Ortiz's prior serious or violent felonies. In the same vein, we are persuaded that the trial court would not have exercised its authority to reduce the present offense to a misdemeanor, as nearly all of the relevant factors militate against such leniency. *See*

*People v. Superior Court (Alvarez),* 14 Cal.4th 968, 60 Cal.Rptr.2d 93, 928 P.2d 1171, 1177–79 (1997). Ortiz's claim must then fail, as he cannot show that he was prejudiced by the alleged representational errors. *See Strickland,* 466 U.S. at 694—96, 104 S.Ct. 2052.

**AFFIRMED.**