Kevin VEAL, Petitioner–Appellant,

v.

USA, Respondent–Appellee.

No. 07–5621–pr.

United States Court of Appeals, Second Circuit.

June 23, 2009.

Vivian Shevitz, South Salem, N.Y., for Petitioner–Appellant.

Anna M. Skotko, Assistant United States Attorney, (Andrew L. Fish, Assistant United States Attorney, of counsel) for Michael J. Garcia, United States Attorney, Southern District of New York, New York, N.Y., for Respondent–Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Kevin Veal appeals from an order of the U.S. District Court for the Southern District of New York (Robinson, *J.*), which denied him leave to amend his Section 2255 petition on the ground that the amendment he sought was time-barred. Veal argues that the amendment—which alleges that trial counsel was ineffective in failing to inform Veal of a plea offer— should be allowed because it is based on new evidence and "relates back" to the filing of the initial petition. The Government argues that the District Court was right to find the attempted amendment time-barred, and that in any event the claims in the attempted amendment lack merit.

Having carefully considered the record, we conclude that the District Court properly found Veal's amendment to be time-barred, because the claims it contained were based on evidence that could have been discovered earlier through due diligence, and also did not relate back to Veal's original Section 2255 motion. Moreover, even if we were to consider the merits of the claims Veal seeks to add— namely, that his counsel failed to tell him about a plea offer—Veal cannot demonstrate prejudice. In order to do so, Veal would have to show a reasonable likelihood that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this context, that means that Veal must show a reasonable chance that, had he been informed of the plea, he would have accepted it. *See Purdy v. United States*, 208 F.3d 41, 49 (2d Cir.2000). Here, however, we have unusually good evidence that this is not so— Veal's own declaration, under penalty of perjury, stating, "I categorically deny having been agreeable to any disposition of this case short of dismissal of all charges against me. I have always insisted that my attorney either get all the charges dismissed or take my case to trial." Under these circumstances, the District

Court did not err in denying the amendment, nor did it abuse its discretion by declining to hold an evidentiary hearing or appoint counsel. *See Chang v. United States*, 250 F.3d 79, 82 (2d Cir.2001); *United States ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir.1974).

We have carefully considered all of Appellant's claims, and find them to be meritless. Accordingly, we AFFIRM the decision of the District Court.